NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES EDWARD SEITZ,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS; CLACY GRISWOLD; BOBBY FISHER; VINNIE GRAZIANO; INTERNATIONAL BROTHERHOOD OF TEAMSTERS - LOCAL 986,<br><br>  Defendants - Appellees. | No. 24-6030<br><br>D.C. No. 3:23-cv-01716-LB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted February 18, 2026[***]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Seitz's request for oral argument, set forth in the opening brief, is denied.

James Edward Seitz appeals pro se from the district court's judgment dismissing his action alleging various federal claims against his union and its officers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Saloojas, Inc. v. Aetna Health of Calif., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). We affirm.

The district court properly dismissed Seitz's Title VII claims because Seitz failed to allege facts sufficient to show that any defendant discriminated on the basis of religion or acquiesced in any discrimination by Seitz's employer. *See Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 861 (9th Cir. 2016) ("[T]he key inquiry in a Title VII case against a union is whether the union 'deliberately declines to pursue a member's claim because of' a protected classification." (quoting *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 882 (9th Cir. 2007))).

The district court properly dismissed the Railway Labor Act ("RLA") and civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims because Seitz failed to raise those claims within the applicable statutes of limitations. *See Herrera v. Command Sec. Corp.*, 837 F.3d 979, 985 (9th Cir. 2016) ("Claims under the RLA must be brought within six months after their accrual date."); *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir. 1990) (explaining that

civil RICO claims have a four-year statute of limitations that "begins to run when a plaintiff knows or should know of the injury which is the basis for the action").

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Seitz's motion (Docket Entry No. 16) for remand is denied.

**AFFIRMED.**

24-6030